234

## STATE OF OREGON v. DAVIS
### 412 P. 2d 522

*John Toran, Jr.,* Portland, argued the cause for appellant. With him on the brief was Mayfield K. Webb, Portland.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Garr M. King, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Perry,

SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

## DENECKE, J.

In December, 1964, the defendant was convicted of grand larceny. He appeals upon the ground that his verbal confession made to a detective while the defendant was under arrest and being interrogated was inadmissible because the defendant was not effectively warned of his constitutional rights to remain silent and to the advice of counsel, and that it was not a voluntary statement.

At the close of a hearing, out of the presence of the jury, the trial court specifically found that the defendant had been warned of his right to remain silent and his right to counsel and that his statement was made voluntarily. The defendant testified that he had been so warned and that the attorney he called, after a private conference with defendant, advised the defendant to talk, and defendant thereafter confessed.

There is some evidence that at the time the confession was made the defendant may have been suffering some symptoms of withdrawal from narcotics. Defendant testified that the police gave him some sort of pills for this condition; the police deny this. As stated, the trial court found the confession was voluntarily made and this finding has support in the evidence. We concur in the trial court's finding.[1]

Affirmed.

---

[1] It would be helpful to this court, and to any possible post-conviction court, if trial courts would make more specific findings in cases of this nature. For example, a finding of whether or not the police had in fact furnished the defendant with pills. If the trial court found that they had, testimony should have been taken

about the content of such pills. Townsend v. Sain, 372 US 293, 83 S Ct 745, 9 L Ed2d 770 (1963). "The Court is not blind to the fact that the federal habeas corpus jurisdiction has been a source of irritation between the federal and state judiciaries. It has been suggested that this friction might be ameliorated if the States would look upon our decisions in *Fay v. Noia, supra,* and *Townsend v. Sain, supra,* as affording them an opportunity to provide state procedures, direct or collateral, for a full airing of federal claims." Henry v. Mississippi, 379 US 443, 453, 85 S Ct 564, 13 L ed2d 408 (1965).