Argued October 26, affirmed November 16, petition for rehearing
denied December 22, 1970, petition for review denied
March 2, 1971

## STATE OF OREGON, *Respondent, v.*
## WILLIAM JOHN WELCH, *Appellant.*

476 P2d 822

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*J. Bradford Shiley,* Special Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

## LANGTRY, J.

Defendant, one of two defendants tried separately, appeals from conviction of armed robbery. The defendants allegedly held up a store. This defendant drove the getaway car into an accident and was injured.

The one asserted error was that detectives testified to oral admissions made by defendant while in Providence and the Police Emergency hospitals in Portland.

Five interviews between defendant and detectives occurred. Defendant agreed that he was warned and understood his constitutional rights to remain silent and to have an attorney. He claims that the police thwarted his attempts to contact counsel.

The *in camera* hearing discloses that defendant had contacted an attorney of his own choosing to represent him concerning his injuries before the detectives first located him. Nothing in evidence indicated whether he had, or why he had not, if that were so, sought advice about his criminal involvement from that attorney. Defendant refused to make a written statement without an attorney present. The codefendant was brought to identify him and said to the detectives "That's him." Defendant said "stool pigeon." Detectives interrupted, warning of his *Miranda*[1] rights, but the defendant talked freely of the crime.

Defendant contends that he continually demanded to see his attorney while he was in the emergency hospital, which, as well as the courtroom, was

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974 (1966).

located in the police station, but that the police did not cooperate by getting the attorney or allowing him to contact one. During this time a preliminary hearing was held and the court appointed an attorney. Most of the admissions had already been made.

The detectives denied they had thwarted his attempts to contact this or any other attorney. Detective Saling, who was the interrogating officer, testified:

"Q   At any time, did Mr. Welch ask you if he could have his attorney present before you asked him questions, interrogated him?

"A   No."

At the conclusion of the *in camera* hearing, the judge held:

"THE COURT: * * * Now, I know that the police are supposed to caution * * * but I don't know they have to act as nursemaids * * * and call the attorneys. * * * [I]t was the judge or the judge's clerk that had that duty. Do you want to put any more evidence on?

"MR. SMITH: No, I do not.

"THE COURT: The Court holds that it was voluntary, any admissions or any statements were made voluntarily. I'll submit it to the jury for their determination."

It was a preliminary question of fact for the trial judge to determine whether the statements were voluntary and defendant's rights were complied with. Although sketchy, the judge's remarks find that they were, and that the admissions were voluntary. His findings are supported by substantial evidence. This is all that is necessary, although it is desirable, from the standpoint of resolution of the matter on appeal, for the findings to be more specific. *State v. Davis,*

243 Or 234, 412 P2d 522 (1966); *State v. Smith and Leonard*, 253 Or 280, 453 P2d 942 (1969).

Affirmed.